**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph E. ABEL, Sr., Larry Neal Whittington, James Glenn Gibson, Alfred Ephrem Lavoie and John Frederick Steuber, Jr., Defendants-Appellants.**

No. 76–2819.

United States Court of Appeals, Fifth Circuit.

March 11, 1977.

Rehearing and Rehearing En Banc Denied April 11, 1977.

Arthur B. Parkhurst, Fort Lauderdale, Fla., for defendants-appellants.

Robert W. Rust, U.S. Atty., Karen L. Atkinson, C. Wesley G. Currier, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before JONES, COLEMAN and TJOFLAT, Circuit Judges.

JONES, Circuit Judge:

C.I.M. Associates, Inc., was the owner of a DC–3 aircraft. Henry Maierhoffer was its president and executive officer and owned all of its capital stock. Earl Jordan had the use of the aircraft through an ownership or other interest. The appellant, Abel, had used the aircraft several times pursuant to an arrangement with Jordan. Agents of the Drug Enforcement Agency suspected that the aircraft was being used in the smuggling of contraband and asked Maierhoffer for permission to install an electronic tracking device, known as a beeper, on the plane. Consent was given and the beeper was affixed to the aircraft. Earl Jordan was informed by Maierhoffer of the installation of the beeper. Sometime later the aircraft took off on a nighttime flight from Fort Lauderdale, Florida. A customs aircraft, guided by the beeper, followed. The DC–3 went first to an airfield near Freeport in Grand Bahama for a short stop, then to an airfield at Palatka, Florida,

where another brief stop was made. The end of the trip was Lakeland, Florida, where the plane was searched by the agents and fragments of marijuana were found. The occupants of the plane, appellants here, were arrested. After an indictment for conspiracy to import marijuana the appellants filed a motion to suppress the contraband material found on the aircraft on the ground that the tracking by the beeper and the search which disclosed the marijuana constituted an unlawful search and seizure.

The United States Attorney was apparently convinced that electronic surveillance by using a beeper was an unlawful search and so he stipulated with appellants' counsel that the beeper led to the discovery of the contraband, that if the "beeper search" was invalid the resulting evidence should be suppressed, "that the only issue the government raises as an exception to the requirement of a search warrant as to the beeper search is whether or not there was a legal valid consent given to make the beeper search by Hank Maierhoffer," and it was further stipulated "that if the Court finds the beeper search was pursuant to a valid legal consent given by Hank Maierhoffer then all contraband seized in the State of Florida as a direct or derivative result of that beeper search shall be admissible subject to all other legal objections and the right of appeal from an adverse ruling."

It was urged that the appellant Abel had some informal arrangement with Earl Jordan[1] which gave Abel some possessory or proprietary right in the DC–3 which rendered the installation and use of the beeper and the resulting search unlawful and invalid as to him and the other appellants. The district court, upon the evidence submitted, rejected this contention and held that because of the consent of Maierhoffer the installation of the beeper and its use in tracking the plane were legal and valid. The motion to suppress was denied. Conviction of the appellants followed. Whether the district court correctly denied the

motion to suppress is the only question before this Court on appeal.

The stipulation, the evidence and the applicable legal principles required the decision made by the district court. Its judgment is AFFIRMED.

---

1. The indictment refers to Earl Jordan as "a deceased unindicted co-conspirator."

