UNITED STATES of America, Plaintiff-Appellee,

v.

Alan Kent CHESHIRE, Defendant-Appellant.

No. 77–5313.

United States Court of Appeals, Fifth Circuit.

March 16, 1978.

Jim Tatum, Houston, Tex. (Court-appointed), for defendant-appellant.

J. A. "Tony" Canales, U. S. Atty., Anna E. Stool, Asst. U. S. Atty., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., George A. Kelt, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, AINSWORTH, and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Alan Kent Cheshire appeals from a conviction for violation of 21 U.S.C.A. § 841(a) (1972), possession of marijuana with intent to distribute. Appellant argues that the conviction is based on illegally obtained evidence. Specifically, appellant contends: (1) use of an electronic beeper to follow the path of an airplane flown by appellant was a search, and that the search was invalid under the fourth amendment because of the failure to obtain a warrant before placing the beeper on the airplane; (2) consent by the plane's owner, from whom appellant leased the plane, was not sufficient to circumvent the warrant requirement. We need not address appellant's first argument because we decide that if there was a search, the owner's consent to the placing of the beeper comes within the third party consent exception to the warrant requirement. On this basis, appellant's conviction is affirmed.

The relevant facts are substantially undisputed. In August, 1976, an abandoned aircraft was found in south Texas, near the Mexican border. A search of the plane revealed firearms, personal records belonging to appellant, and charts indicating flight into Mexico. Further inquiry revealed that the plane had been rented by appellant, who, at that time, was on probation for a narcotics smuggling conviction. Other records found on the plane indicated that defendant had in the past rented an airplane owned by Fort Bend Aviation, a partnership located in Sugarland, Texas. Expecting that appellant would again attempt to rent the plane from Fort Bend, government agents contacted the partners and obtained their consent to the use of the beeper.[1] Shortly thereafter, appellant did inquire about renting the plane, and the beeper was attached at that time. On September 9, 1976, appellant, with a woman introduced as his wife, rented the plane, stating his destination as Corpus Christi. When appellant's plane took off, it was followed by a plane carrying government agents and the electronic tracking equipment. Visual surveillance was maintained until appellant, after having made two stops in Texas, had traveled approximately 100 miles into Mexico. At that point, the government plane returned to Brownsville, Texas, landing at 11:00 p. m. Several hours later, the tracking equipment indicated that appellant was returning to Texas. Using the beeper, the government plane was able to intercept appellant approximately thirty miles inside Mexico. Maintaining visual surveillance, the government agents watched appellant, after engaging in what appeared to be evasive maneuvers, land on a farm road near Refugio, Texas, and remain on the ground a very short time. Government officials in the tracking plane, unable to view appellant's ground activities, called a deputy sheriff for assistance. The area was searched after appellant left, and 320 pounds of marijuana were discovered. Appellant, followed by two other Customs planes, finally landed and abandoned his airplane in a construction area. He was arrested a short time later. Charged with possession of marijuana with intent to distribute, appellant made motions to suppress evidence obtained by the use of the beeper. Following denial of these motions, appellant was tried and convicted, receiving a sentence of two years with a special parole term of three years.

Appellant first contends that the use of the beeper constituted a fourth amendment search. This issue has not been conclusively resolved in this Circuit, having been previously addressed in *United States v. Holmes*, 537 F.2d 227 (5th Cir. 1976), where this court, sitting *en banc*, was evenly divided on the search question. However, our treatment of the instant case does not require resolution of the search issue; we merely assume for the sake of discussion that use of the beeper was a search. We express no view on the merits.

---

1. Although the plane was owned by the partnership, it was leased to one of the five partners; the lessee then rented the plane to the public. All of the partners, including the lessee consented to the attachment of the beeper.

From this perspective, we address the second issue raised by appellant: whether the consent of the owners of the plane comes within the third party consent exception to the warrant requirement. On facts virtually indistinguishable from the instant case, this court upheld the use of similar electronic equipment pursuant to third party consent. *United States v. Abel*, 548 F.2d 591 (5th Cir. 1977). In *Abel*, the defendant challenged the introduction of evidence obtained by the use of a beeper placed on an airplane.[2] The plane was owned by C.I.M. Associates, Inc., of which Henry Maierhoffer was president and sole owner of the capital stock. Earl Jordan had the use of the airplane, although the source of his right to use is unclear. The defendant, Abel, had used the plane several times pursuant to an arrangement with Jordan. Maierhoffer, approached by DEA agents, consented to the installation of the tracking device, and informed Jordan of this decision. This court held that the consent was sufficient to allow use of the beeper while the plane was being flown by Abel. Although Abel had the use of the plane because of some "arrangement" and, in the instant case, Cheshire had rented the plane, this slight difference between the property interests of Cheshire and Abel does not seem to us to require a different result. The Ninth Circuit, in a case where a beeper was attached to a rental plane, has reached a similar conclusion. *United States v. Curtis*, 562 F.2d 1153, 1156, n.1 (9th Cir. 1977). We further note that in *Curtis*, as in this case, the beeper was physically attached to the airplane prior to the commencement of the rental period. In light of the decision in *United States v. Abel*, we hold that the consent of the owners was in this case, sufficient to allow the placement and use of the beeper without a warrant.[3] The evidence having been properly admitted, the judgment below is AFFIRMED.

---

2. Because of a stipulation by the government that the use of a beeper was a search, that issue was not decided by the court.

3. We do not mean to imply that the owners of the plane could have consented to more intrusive police inquiries. An attempt to search personal possessions carried on the plane by Cheshire, or an attempt to overhear conversations between Cheshire and his passenger would have presented a situation where the interests of the owners might not have been sufficient to allow governmental authorities to rely on their consent. *See Chapman v. United States*, 365 U.S. 610, 81 S.Ct. 776, 56 L.Ed.2d 828 (1961). However, where the police actions are designed to reveal information in which the defendant has a minimal privacy interest, since the physical location of the airplane is information knowingly exposed to the public, and the means used involve a minimal intrusion, because the beeper is merely an aid to visual surveillance, it is proper to say that the defendant must bear the risk that the owners of the plane might consent to such investigative activity. *See United States v. Matlock*, 415 U.S. 164, 171, n.7, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), *United States v. Cook*, 530 F.2d 145 (9th Cir.), *cert. denied*, 426 U.S. 909, 96 S.Ct. 2234, 48 L.Ed.2d 835 (1976); *but see Note, Tracking Katz: Beepers, Privacy, and the Fourth Amendment*, 86 Yale L.J. 1461 (1977).